IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BCCA APPEAL GROUP, TEXAS ASSOCIATION OF BUSINESS, AND TEXAS OIL AND GAS ASSOCIATION<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LISA P. JACKSON, in her official capacity as Administrator of the United States Environmental Protection Agency, and Lawrence E. Starfield, in his official capacity as Acting Regional Administrator for Region VI of the United States Environmental Protection Agency,<br><br>    Defendants. | Case No.3-08CV1491-G |

## CONSENT DECREE

WHEREAS, Plaintiffs BCCA Appeal Group, Texas Association of Business, and Texas Oil and Gas Association (collectively, "Plaintiffs"), filed a Complaint in this action on August 25, 2008, against the United States Environmental Protection Agency, the Administrator of the United States Environmental Protection Agency, and the Regional Administrator for Region VI of the United States Environmental Protection Agency (collectively "EPA");

WHEREAS, Plaintiffs' Complaint alleges that EPA has failed to perform a nondiscretionary duty pursuant to section 110(k)(1)(B) and (k)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7410(k)(1)(B) and (k)(2), to take approval action on numerous Texas State Implementation Plan ("SIP") air quality revisions by the statutory deadline;

WHEREAS, Plaintiffs seek an order from this Court establishing a deadline by which EPA must complete these allegedly mandatory duties;

WHEREAS, Plaintiffs and EPA (jointly referred to as "the Parties") seek to effect a settlement of this Action without expensive and protracted litigation;

WHEREAS, the Parties have agreed to a settlement of this action without any admission or adjudication of fact or law;

WHEREAS, the Parties agree that this settlement represents a good faith compromise of disputed claims; and

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401 et. seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

**DEFINITION**

1. For the purposes of this Consent Decree, the following terms shall have the following meaning:

 a. "SIP Air Quality Permit Rule Revisions" shall mean the pending air quality revisions to the Texas SIP submitted for approval to EPA that are identified on Exhibit 1 to this Consent Decree.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claim that EPA has failed to act on the SIP Air Quality Permit Rule Revisions. Venue is proper in the United States District Court for the Northern District of Texas.

## EPA OBLIGATIONS

3. By the dates set forth in the Schedule attached hereto as Exhibit 1, EPA shall sign for publication in the Federal Register a notice(s) of final rulemaking to approve or disapprove, in whole or in part, the SIP Air Quality Permit Rule Revisions identified on that Exhibit. EPA shall promptly deliver the notice(s) to the Office of the Federal Register for publication. EPA shall mail a copy of the notice(s) of rulemaking to Plaintiffs within five business days following signature.

## MODIFICATION OF THIS DECREE

4. Plaintiffs and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

5. The Parties may extend the deadlines established by this Consent Decree by written stipulation executed by counsel for the Parties and filed with the Court. In addition, any provision of this Consent Decree may be modified by the Court upon motion by any party to this Consent Decree demonstrating that such modification is consistent with law and in the public interest, after consideration of any response by the non-moving party.

6. Consistent with paragraph 5, EPA may request modification of the deadlines established by this Consent Decree in accordance with the following procedures:

      (a).   If EPA seeks to modify a deadline established by this Consent Decree, EPA shall make its best efforts to provide notice to plaintiffs at least 30 days prior to the deadline that EPA seeks to modify;

      (b).   If EPA seeks to modify a deadline established by this Consent Decree, but has not given plaintiffs' counsel the advance notice specified in subparagraph a of this paragraph, then EPA shall notify plaintiff's counsel in writing of the reasons why such prior notice was not practicable. Such notice shall be given by such means as to be received by plaintiff's counsel no later than the date when the motion to modify is filed with the Court.

7. Any motion to modify the schedule established in this Consent Decree may be accompanied by a motion for expedited consideration. Neither Party to the Consent Decree shall oppose such a motion for expedited consideration.

8. Except for the provisions stated herein, nothing in the terms of this Consent Decree shall be construed to waive any remedies the Plaintiffs may have under CAA section 304, 42 U.S.C. § 7604.

**CONTINUING JURISDICTION AND TERMINATION**

9. The Court shall retain jurisdiction only to effectuate compliance with this Consent Decree and to consider any requests for costs of litigation (including attorneys' fees) pursuant to CAA section 304(d), 42 U.S.C. § 7604(d). When EPA has discharged its obligations under paragraph 3 above and the relevant notice(s) has/have been published in the Federal Register, then this case shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

**SAVINGS PROVISIONS**

10. The obligations imposed on EPA under Paragraph 3 of this Consent Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

11. Nothing in this Consent Decree shall be considered to limit or modify any discretion EPA may have to alter, amend, or revise the actions taken pursuant to Paragraph 3 of this Consent Decree.

12. Nothing in the terms of this Decree shall be construed to limit or modify the discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions referred to in Paragraph 3.

13. Nothing in the terms of this Consent Decree shall be construed either (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (b) to waive any remedies plaintiffs may have under section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Decree shall be construed to confer upon the district court

jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Decree, except for the purpose of determining EPA's compliance with this Decree.

14. Nothing in this Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take pursuant to Paragraph 3 above.

## ATTORNEYS' FEES AND COSTS

15. The Parties agree that an award to Plaintiffs of costs of litigation (including attorneys' fees) pursuant to CAA section 304(d), 42 U.S.C. § 7604(d), is appropriate. Plaintiffs are entitled to such an award in an amount to be determined either by settlement or by the Court. The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to entry of this Consent Decree in this case is hereby extended until 120 days after entry of this Consent Decree by the Court.  During this time the parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution.  The Court shall retain jurisdiction to resolve any request for costs of litigation (including attorneys' fees), notwithstanding any dismissal pursuant to paragraph 8 above.

16. Should it be necessary for the Plaintiffs to incur attorneys' fees to enforce the Consent Decree, the Parties agree that an award to Plaintiffs of costs of litigation (including attorneys' fees) pursuant to CAA section 304(d), 42 U.S.C. § 7604(d), is appropriate.  In that event, Plaintiffs are entitled to such an award in an amount to be determined either by settlement or by the Court.

## RECIPIENTS OF NOTIFICATION

17. Any notices required or provided for by this Decree shall be in writing, effective upon receipt, and sent to the following:

For Plaintiffs:

Matthew L. Kuryla
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
telephone:  (713) 229-1234
email:  matthew.kuryla@bakerbotts.com

For Defendants:

Joshua Olszewski
United States Environmental Protection Agency
Region VI
Office of Regional Counsel
1445 Ross Avenue, Suite 1200
Dallas, TX 75202-2733
telephone:  (214) 665-2178
email: olszewski.joshua@epa.gov

Scott Jordan, Attorney,
Air and Radiation Law Office
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW.
Washington, D.C. 20460
telephone:  (214) 564-7508
email:  Jordan.scott@epa.gov


Angeline Purdy
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Attn: DJ # 9052416726
telephone:  (202) 514-0996
Email:  Angeline.purdy@usdoj.gov


or such other person as either party may subsequently identify in writing to the other party.

## SECTION 113(g)

18. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to Clean Air Act section 113(g), 42 U.S.C. § 7413(g). EPA will expeditiously prepare such notice and forward it to the Office of Federal Register after lodging the draft Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the Clean Air Act. If the federal government elects not to withdraw or withhold consent to this Consent Decree, the parties shall promptly file a motion that requests the Court to enter this Consent Decree.

## SIGNATURE OF PARTIES

19. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

SO ORDERED.

Signed January 21, 2010.

_____
DAVID GODBEY
UNITED STATES DISTRICT JUDGE

SO AGREED:

For Plaintiffs

*/s A. Purdy for M. Kuryla (per email authorization)*

Matthew L. Kuryla
Baker Botts LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Dated: *Original signature May 21, 2009*    telephone:  (713) 229-1234
fax:  (713) 229-2714
matthew.kuryla@bakerbotts.com

For Defendants

*/s/ Angeline Purdy*

Angeline Purdy
Environmental Defense Section
United States Department of Justice
Post Office Box 23986
Washington, D.C. 20026-3986
telephone:  (202) 514-0996
Dated: *Original signature June 30, 2009*    fax:  (202) 5148865
angeline.purdy@usdoj.gov

Scott Jordan
U.S. Environmental Protection Agency
Office of General Counsel
Ariel Rios Building - North
1200 Pennsylvania Ave., NW
Washington, DC 20460
telephone:  (202) 564-5598
fax:  (202) 564-5603
Jordan.scott@epa.gov

Joshua Olszewski
United States Environmental Protection Agency
Region VI
Office of Regional Counsel
1445 Ross Avenue, Suite 1200
Dallas, TX 75202-2733
telephone:  (214) 665-2178
email: olszewski.joshua@epa.gov